# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### (Charlotte Division)

| | | |
|---|---|---|
| MAGDY M. MAHMOUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 3:10cv00421 |
| | ) | |
| CARMAX AUTO SUPERSTORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF KIMBERLY ROSS

| | |
|---|---|
| Commonwealth of VIRGINIA | ) |
| | ) SS |
| City/County of Richmond | ) |

I, Kimberly Ross being first duly sworn, do hereby affirm and state as follows:

1.     I am employed with CarMax Auto Superstores, Inc. ("CarMax") as Assistant Vice President, Human Resources, located at 12800 Tuckahoe Creek Parkway, Richmond, Virginia 23238.  CarMax is a nationwide retailer of new and used vehicles.  I am familiar with CarMax's arbitration program, and have personal knowledge of the facts stated herein..

2.     Plaintiff Magdy M. Mahmoud applied for employment with CarMax on August 3, 2004.  As part of his employment application, Mr. Mahmoud received a copy of and he executed the Dispute Resolution Agreement ("Agreement") to arbitrate all employment-related legal disputes with CarMax.  Attached hereto as Tab A is a true and accurate copy of Mr. Mahmoud's Employment Application containing the Agreement executed by Mr. Mahmoud.

3.     The Agreement states in bold letters at the top of the document that:

If you wish to be considered for employment, you must read and sign the following agreement.  You will be considered as an applicant when you have signed the Agreement.  Included with this application are the CarMax Dispute

Resolution Rules and Procedures. You should familiarize yourself with these rules and the procedures prior to signing the Agreement. If the Rules and Procedures are not included in this booklet, you must request a copy from a CarMax representative prior to signing the Agreement You will note that if you sign at this time, you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

4. The Agreement itself provides that claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), including the amendments of the Civil Rights Act of 1991, as well as corresponding state discrimination law claims are subject to final and binding arbitration. See Tab A. The Agreement also provides that Mr. Mahmoud could withdraw his consent to the agreement within three (3) days from the date of signing. Id., see pages 2 and 3 of Tab A. Notably, applicants, including Mr. Mahmoud, are not required to submit their employment application within a certain time period. An applicant can take as long as he or she wishes to review and contemplate the Agreement contained in the employment application before executing it.

5. Mr. Mahmoud never withdrew his consent to be bound by the Agreement.

6. After he executed the Agreement, and because Mr. Mahmoud did not withdraw his consent to be bound by the Agreement, Mr. Mahmoud was considered as an applicant for employment by CarMax and was subsequently hired.

7. Mr. Mahmoud would not have been considered for employment with CarMax if he had not executed and consented to the terms of the Dispute Resolution Agreement.

8. The Dispute Resolution Agreement entered into by Mr. Mahmoud and CarMax incorporates and references the Dispute Resolution Rules and Procedures that govern the operation of CarMax's arbitration program. Attached hereto as Tab B is a true and accurate copy of the Dispute Resolution Rules and Procedures applicable to Mr. Mahmoud. Rule 2 explicitly provides that Mr. Mahmoud's Title VII, including the amendments of the Civil Rights Act of

2

1991, as well as corresponding state discrimination law claims are subject to final and binding arbitration.

9. The Agreement also provided that in the event Plaintiff filed "a lawsuit regarding a dispute arising out of or relating to [his] application or candidacy for employment, employment or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require [him] instead to use arbitration" in accordance with the Rules. See Tab A, page 2. In signing the Agreement, Plaintiff acknowledged that it was in the interest of both Plaintiff and CarMax "that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation." Id.

I have made this Affidavit voluntarily. I have been promised no benefit, nor threatened with any reprisal in connection with this Affidavit. I declare under penalty of perjury that the foregoing is true and correct.

_____
KIMBERLY ROSS

SWORN AND SUBSCRIBED TO before me this _7th_ day of September, 2010.

_Nadia Zabsowkaya_
Notary Public

Notary Identification No. _292953_

My Commission Expires: _November 30, 2013_

3

# <u>TAB A</u>



# EMPLOYMENT APPLICATION

(Confidential)

**CARMAX IS AN EQUAL OPPORTUNITY EMPLOYER BY BOTH POLICY AND PRACTICE AND COMPLIES WITH ALL FEDERAL AND STATE LAWS WHICH FORBID DISCRIMINATION.**

**IT IS UNLAWFUL IN MARYLAND AND MASSACHUSETTS TO REQUIRE OR ADMINISTER A LIE DETECTOR TEST AS A CONDITION OF EMPLOYMENT OR CONTINUED EMPLOYMENT. AN EMPLOYER WHO VIOLATES THIS LAW SHALL BE SUBJECT TO CRIMINAL PENALTIES AND CIVIL LIABILITY.**

Social Security Number: _ _ - _ _ - 4 9 3 7

Location #: 7 1 0 6

First Name: M A G D Y

Middle Initial: M    Last Name: M A H M O U D

Number & Street Address:

City: C H A R L O T T E     State: N C     ZIP Code: _ _ _ _ _ - _ _ _ _

Home Phone: ( _ _ _ ) _ _ _ - _ _ _ _

Work Phone: ( _ _ _ ) _ _ _ - _ _ _ _

Thank you for considering CarMax as an employer. To ensure that we make a hiring decision that is right for us and you, we use a number of different selection tools and consider a great amount of information before a decision is made. As you go through the employee selection process, you may come in contact with some or all of the following selection tools.

1. **Employment Application** – Complete all sections that pertain to you. Do not include a resume as a substitute for completing the application. Sign and date the application. The employment application allows CarMax to determine your qualifications and experience. By signing the application, you authorize CarMax to verify the information contained in the application. Falsification of information on the application or failure to provide accurate information can result in disqualification for employment or termination of employment if discovered after hire.

2. **Dispute Resolution Agreement** – This agreement requires you and CarMax to arbitrate certain legal disputes related to your application for employment or employment with CarMax. CarMax will consider your application only if this agreement is signed.

3. **Employment Interviews** – Several personal (or telephone) interviews may be conducted with you in order to provide more detailed information regarding your background and qualifications.

4. **Employment Eligibility Verification** – This form is required by the U.S. Department of Justice and the Immigration and Naturalization Service. It is used to verify your identity and right to work in the United States.

5. **Employment Testing** – Various tests may be administered to measure your aptitude and abilities in job-related areas. While most are short, some tests administered to management level candidates may take several hours.

6. **Drug and Illegal Substance Testing** – This is a urinalysis test for the presence of illegal drugs and substances.

7. **Reference Checks** – Former employers and educational references are verified.

8. **Records Checks** – Verification and information checks are performed with the Social Security Administration, criminal courts, state and county repositories of criminal records, Department of Motor Vehicles, and credit bureaus.

9. **Physical Examination** – Some positions in the Company require the applicant to take a physical examination.

10. **Background Questionnaire** – You will be asked questions concerning your employment application, any current and past involvement with illegal drugs, any prior felony convictions, and adverse information from prior employers, and other related matters.

CAR4000 / Rev. 12/2003

Case 3:10-cv-00421-GCM   Document 6-1   Filed 09/07/10   Page 6 of 24

APPLICANT'S SSN & STORE LOCATION ID TO
BE COMPLETED BY THE APPLICANT.

Social Security Number

[ ] - [ 1 - 4 9 3 7 ]

Location #

[ 7 1 0 6 ]

If you wish to be considered for employment you must read and sign the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application is the CarMax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and procedures prior to signing the Agreement. If the Rules and Procedures are not included in this booklet you must request a copy from a CarMax representative prior to signing the Agreement. You will note that if you sign at this time you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return with it signed, if you wish to continue your application process.

## CARMAX DISPUTE RESOLUTION AGREEMENT

I recognize that differences may arise between CarMax and me during my application for employment with CarMax. I recognize that it is in the interest of both CarMax and me that disputes be resolved in a manner that is fair, private, expeditious, economical, final, and less burdensome or adversarial than court litigation. CarMax has an effective Open Door Policy, and I will try to take advantage of it where feasible. I understand, however, that not all issues can be resolved using the Open Door Policy.

Except as set forth below, both CarMax and I agree to settle any and all previously unasserted claims, disputes, or controversies arising out of or relating to my application or candidacy for employment and employment and/or cessation of employment with CarMax, exclusively by final and binding arbitration before a neutral Arbitrator. By way of example only, such claims include claims under federal, state, and local statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act, the Family Medical Leave Act, and the law of contract and law of tort.

I understand that if I do file a lawsuit regarding a dispute arising out of or relating to my application or candidacy for employment, employment, or cessation of employment, CarMax may use this Agreement in support of its request to the court to dismiss the lawsuit and require me instead to use arbitration.

I understand that I still may exercise my rights under the National Labor Relations Act and file charges with the National Labor Relations Board. I further understand that I still may file administrative charges with the Equal Employment Opportunity Commission or similar federal, state, or local agency, but that upon receipt of a right-to-sue letter or similar administrative determination, I shall arbitrate any claim that I may have against CarMax. I agree that if I commence an arbitration, it will be conducted in accordance with the CarMax Dispute Resolution Rules and Procedures.

I understand that neither this Agreement nor the Dispute Resolution Rules and Procedures form a contract of employment between CarMax and me. I further understand that my signature to this Agreement in no way guarantees that CarMax will offer me employment. If CarMax does offer me employment and I become employed at CarMax, this Agreement in no way alters the "at-will" status of my employment. I understand that my employment, compensation, and terms and conditions of employment can be altered or terminated, with or without notice, at any time, at the option of either CarMax or myself. I understand that no store manager or representative of CarMax, other than an Officer of CarMax at the level of Vice President or above, has any authority to enter into any agreement for employment for any specific duration, to make any agreement contrary to the foregoing, or to alter the CarMax Dispute Resolution Rules and Procedures.

**Applicant's Initials**

Case 3:10-cv-00421-GCM   Document 6-1   Filed 09/07/10   Page 7 of 24

**The Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures affect your legal rights. By signing this Agreement, you acknowledge receipt of the Dispute Resolution Rules and Procedures. You may wish to seek legal advice before signing this Dispute Resolution Agreement.**

I have read this Agreement and understand that I should read the Dispute Resolution Rules and Procedures over the next few days.

I understand that I may withdraw my consent to this Agreement within three (3) days from the date on which I sign below by notifying the Background Screening Department in writing (including my Social Security Number and the address of the place at which I applied for employment) that I am withdrawing my application for employment at CarMax. The address for the Background Screening Department is:

> CarMax Auto Superstores, Inc.
> Background Screening Department
> 5020 Sadler Place
> Glen Allen, VA 23060

I understand that by so notifying the Background Screening Department in writing, I will not be bound to this Agreement and that I no longer will be eligible for employment at CarMax. I recognize that if I sign the Agreement and do not withdraw within three days of signing I will be required to arbitrate, as explained above, employment-related claims which I may have against CarMax, whether or not I become employed by CarMax.

This Agreement will be enforceable throughout the application process, my employment, and thereafter with respect to any such claims arising from or relating to my application or candidacy for employment, employment or cessation of employment with CarMax. We then must arbitrate all such employment-related claims, and we may not file a lawsuit in court.

**AGREED:**

_____     _____
Signature                           Date        8/3/04

_____
Social Security Number     -4937

_____     _____
Signature of Parent or Guardian     Date
(if under 18 years of age)

CarMax agrees to consider this Employment Application and to follow this Dispute Resolution Agreement and the Dispute Resolution Rules and Procedures in connection with the Associate whose signature appears above.

_____

Scott A. Rivas
Vice President, Human Resources
CarMax Auto Superstores, Inc.

CAR4000 / Rev. 12/2003

Case 3:10-cv-00421-GCM    Document 6-1    Filed 09/07/10    Page 8 of 24

Social Security Number  ___ ___ 4 9 3 7

Location # 7 1 0 6

# STOP!

**IF YOU HAVE NOT SIGNED THE AGREEMENT:**

If you have decided not to agree to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you do not need to complete the balance of this application. We appreciate your interest in the company.

**IF YOU HAVE SIGNED THE AGREEMENT:**

If you have decided at this time to agree to the terms of the preceding DISPUTE RESOLUTION AGREEMENT then you will need to complete the balance of this application so that we can continue with your application process.

# EDUCATION AND TRAINING

CIRCLE LAST YEAR OF EDUCATION COMPLETED

| GRADE SCHOOL | 9 | 10 | 11 | 12 | 13 | 14 | (15) | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

HIGH SCHOOL ATTENDED

| BUSINESS SCHOOL, TRADE SCHOOL, COLLEGE OR UNIVERSITY ATTENDED | COURSE OF STUDY (MAJOR AREA OF STUDY) | YEARS ATTENDED | DIPLOMA/G.E.D. RECEIVED? DEGREE RECEIVED | GRADE AVERAGE |
|---|---|---|---|---|
| NAME: Alexandria Trade School  CITY & STATE: Alexandria, EGYPT | Trade and Business | FROM 1973  TO 1978 | Assoc. Degree | C |
| NAME: CPCC  CITY & STATE: Charlotte | | FROM 1989  TO 1990 | | C |
| NAME:  CITY & STATE: | | FROM ___  TO ___ | | |
| NAME:  CITY & STATE: | | FROM ___  TO ___ | | |

LIST ANY SPECIAL SKILLS RELEVANT TO THE POSITION FOR WHICH YOU ARE APPLYING (E.G., COMPUTER SOFTWARE AND/OR EQUIPMENT).

Receive Inventory, Ship Inventory, Inspector & Customs officer at Port Alexandria. Business owner for 13 yrs.

LIST ANY HOBBIES, INTERESTS OR ANY OTHER SKILLS OR HONORS WHICH HAVE A DIRECT BEARING ON THE JOB YOU ARE SEEKING. IDENTIFY LANGUAGES, OTHER THAN ENGLISH, WHICH YOU CAN SPEAK AND UNDERSTAND. YOU ARE NOT REQUIRED TO LIST ANY INFORMATION WHICH MIGHT REVEAL YOUR RACE, RELIGION, SEX OR NATIONAL ORIGIN.

Speak Arabic, English, & some Spanish.

Case 3:10-cv-00421-GCM   Document 6-1   Filed 09/07/10   Page 9 of 24

Social Security Number: ___ - ___ - 4 9 3 7

Location # 7 1 0 6

# EMPLOYMENT HISTORY

LIST ALL JOBS, MILITARY SERVICE, VERIFIABLE VOLUNTEER WORK AND SELF-EMPLOYMENT IN THE USA, BEGINNING WITH PRESENT JOB. INCLUDE ANY PERIODS OF UNEMPLOYMENT GREATER THAN 1 MONTH IN DURATION. PRINT CLEARLY.

**YOU MUST COMPLETE THIS SECTION IN ITS ENTIRETY EVEN IF YOU INCLUDE A RESUME.**

| COMPANY INFORMATION | DATES OF EMPLOYMENT MONTH - YEAR | RATE OF PAY | NAME AND PHONE NUMBER OF SUPERVISOR | DUTIES AND RESPONSIBILITIES | REASON FOR LEAVING |
|---|---|---|---|---|---|
| CO NAME: ___ STREET: ___ CITY & STATE: Business owner PHONE #: ___ JOB TITLE: ___ | FROM ___ TO ___ #HRS/WEEK ___ | STARTING ___ ENDING ___ CIRCLE HR MO WK YR | NAME OF SUPERVISOR ___ PHONE # (WITH AREA CODE) ___ MAY WE CONTACT? ☐ YES ☐ NO | | |
| CO NAME: ___ STREET: ___ CITY & STATE: Business owner PHONE #: ___ JOB TITLE: ___ | FROM ___ TO ___ #HRS/WEEK ___ | STARTING ___ ENDING ___ CIRCLE HR MO WK YR | NAME OF SUPERVISOR ___ PHONE # (WITH AREA CODE) ___ MAY WE CONTACT? ☐ YES ☐ NO | | |
| CO NAME: ___ STREET: ___ CITY & STATE: Charlotte, NC PHONE #: ___ JOB TITLE: Restaurant Manager | FROM 1992 TO 1994 #HRS/WEEK 40 | STARTING ___ ENDING ___ CIRCLE HR MO WK YR | NAME OF SUPERVISOR ___ PHONE # (WITH AREA CODE) ___ MAY WE CONTACT? ☐ YES ☐ NO | Payroll Restaurant Manager | |
| CO NAME: ___ STREET: ___ CITY & STATE: Charlotte, NC PHONE #: ___ JOB TITLE: Restaurant Manager | FROM 1992 TO 1994 #HRS/WEEK 40 | STARTING ___ ENDING ___ CIRCLE HR MO WK YR | NAME OF SUPERVISOR ___ PHONE # (WITH AREA CODE) ___ MAY WE CONTACT? ☐ YES ☐ NO | Payroll Restaurant Manager | |
| CO NAME: ___ STREET: ___ CITY & STATE: ___ PHONE #: ___ JOB TITLE: ___ | FROM ___ TO ___ #HRS/WEEK ___ | STARTING ___ ENDING ___ CIRCLE HR MO WK YR | NAME OF SUPERVISOR ___ PHONE # (WITH AREA CODE) ___ MAY WE CONTACT? ☐ YES ☐ NO | | |
| CO NAME: ___ STREET: ___ CITY & STATE: ___ PHONE #: ___ JOB TITLE: ___ | FROM ___ TO ___ #HRS/WEEK ___ | STARTING ___ ENDING ___ CIRCLE HR MO WK YR | NAME OF SUPERVISOR ___ PHONE # (WITH AREA CODE) ___ MAY WE CONTACT? ☐ YES ☐ NO | | |

HAVE YOU EVER WORKED FOR CARMAX? ☐ YES ☒ NO
IF YES, WHERE ___ FROM ___ TO ___

HAVE YOU, WITHIN THE LAST TWELVE MONTHS, APPLIED FOR A POSITION WITH CARMAX?
☐ YES ☒ NO IF YES, WHERE ___
APPROXIMATE DATE ___

DO YOU HAVE ANY FRIENDS OR RELATIVES EMPLOYED BY CARMAX? ☒ YES ☐ NO
IF YES, PLEASE IDENTIFY Yahya ROKAYAK

CAR4000 / Rev. 12/2003

Social Security Number ____-__-__19 3 7    Location # 7 1 0 6

HOW DID YOU HEAR ABOUT US?
☐ EMPLOYMENT AD
NEWSPAPER _____
RADIO _____
TV _____
INTERNET SITE _____
OTHER PUBLICATION _____
CARMAX.COM _____

☐ JOB FAIR _____
☐ RECRUITER CONTACTED ME _____
☐ COLLEGE RECRUITING _____
☐ IN-STORE ADVERTISEMENT _____
☑ ASSOCIATE REFERRAL _Yahya RoKAYAK_
☐ EMPLOYMENT AGENCY _____
☐ OTHER _____

ARE YOU ELIGIBLE TO WORK IN THE USA? ☑ YES ☐ NO

ARE YOU UNDER 18 YEARS OF AGE?* ☐ YES ☑ NO
IF YES, DO YOU HAVE A WORK PERMIT? ☐ YES ☐ NO

*If yes, you will only be considered as an applicant if the Dispute
Resolution Agreement is also signed on page 3 by your parent or guardian.

HAVE YOU, SINCE THE AGE OF 18, BEEN CONVICTED OF A FELONY? Wisconsin applicants do not answer. Illinois applicants do
not disclose convictions that have been ordered expunged, impounded, or sealed. ☐ YES ☑ NO
IF YES, PLEASE EXPLAIN. _____

A CONVICTION WILL NOT NECESSARILY EXCLUDE YOU FROM EMPLOYMENT. EACH CONVICTION WILL BE JUDGED
ON ITS OWN MERITS WITH RESPECT TO THE TIME, CIRCUMSTANCES, AND SERIOUSNESS OF THE OFFENSE.

SPECIFIC TITLE OF
POSITION APPLIED FOR: _Inventory Asso_   TYPE OF WORK DESIRED: ☑ FULL TIME  ☐ PART TIME

DATE AVAILABLE
TO BEGIN WORK: _ASAP_   SALARY/WAGE EXPECTED: $ _Neg_ PER YEAR $_____ PER HR.

LIST HOURS AND DAYS
YOU ARE AVAILABLE.

| | SUN | MON | TUE | WED | THU | FRI | SAT |
|---|---|---|---|---|---|---|---|
| FROM | 9 Pm | 9 Pm | 9 Am | — | — | | → |
| TO | 7 Am | 7 Am | 3 Am | — | — | | → |

PLEASE READ CAREFULLY AND SIGN BELOW:
I hereby certify that all of the information contained in this application is complete and accurate to the best of my knowledge. I understand that, if
employed, omissions or false or inaccurate statements on this application or the Applicant Background Questionnaire may result in dismissal of my employment.
I hereby authorize all prior employers, schools, credit bureaus, the Social Security Administration, law enforcement agencies and investigative agencies to
give CarMax any and all information concerning my previous employment and any pertinent information they may have, personal or otherwise, concerning my quali-
fications for the position applied for. I release all persons or entities from all liability for any damage that may result from furnishing information to CarMax. I also
release CarMax and all of its employees from all liability for any damage that may result from reliance on the information furnished. I understand that if a consumer
investigative report is requested, I have the right under the Fair Credit Reporting Act to request in writing, within a reasonable time, a complete and accurate disclo-
sure of the nature and scope of the investigation. This written request should be addressed to the location where this application is filed.
If employed by CarMax, I agree to abide by its policies, rules and regulations. I understand and agree that my employment is at-will, and therefore my
employment and compensation can terminate, with or without cause, at any time, at my option or the option of CarMax, unless it is modified by a specific written
employment contract for a specific duration which is signed by an officer of CarMax at the level of Vice President or above and me. This at-will employment relation-
ship may not be modified by an oral or implied agreement.
I understand that this application is completed for the position or positions indicated on page 6 and that it will be necessary to reapply for other positions
when they become available. I also understand that this application is good for sixty (60) days from today's date. If I still desire to be considered for a position
with the Company after this application expires, it will be my responsibility to complete a new application and file it with the Company.
MARYLAND AND MASSACHUSETTS APPLICANTS ONLY: I ACKNOWLEDGE THAT I HAVE RECEIVED NOTIFICATION THAT UNDER
MARYLAND AND MASSACHUSETTS LAW, AN EMPLOYER MAY NOT REQUIRE OR DEMAND, AS A CONDITION OF EMPLOYMENT,
PROSPECTIVE EMPLOYMENT, OR CONTINUED EMPLOYMENT, THAT AN INDIVIDUAL SUBMIT TO OR TAKE A LIE DETECTOR OR
SIMILAR TEST. AN EMPLOYER WHO VIOLATES THIS LAW IS GUILTY OF A MISDEMEANOR AND SUBJECT TO A FINE NOT EXCEED-
ING $100.

_____
SIGNATURE OF APPLICANT

8/3/04
DATE SIGNED

CAR4000 / Rev. 12/2003

Case 3:10-cv-00421-GCM   Document 6-1   Filed 09/07/10   Page 11 of 24

APPLICANT'S SSN & STORE ~ATION ID TO
BE COMPLETED BY THE APP. .NT.

Social Security Number

[ ] - [ ] - [4 9 3 7]    Location # [7 1 0 6]

## CONSUMER NOTIFICATION AND AUTHORIZATION

This is used to inform you that a consumer report or an investigative consumer report may be obtained from a consumer reporting agency for the purpose of evaluating you as an applicant or, if applicable, for the purpose of evaluating you for promotion, reassignment or retention as an employee during the tenure of your employment with this company.

This report may contain information bearing on your credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living from public record sources or through personal interviews with your neighbors, friends or associates. You have a right to request additional disclosures regarding the nature and scope of this investigation.

# Consumer Credit Report Disclosure*

I authorize CarMax to obtain consumer credit reports which may be used for employment purposes.

_____          8/3/04
SIGNATURE                      _____
                               DATE

*To be retained with **Employment Application**

CAR4000 / Rev. 12/2003

# **TAB B**

# DISPUTE RESOLUTION RULES AND PROCEDURES

# CARMAX DISPUTE RESOLUTION RULES AND PROCEDURES

## Rule 1 PURPOSE

CarMax has established an employment dispute resolution procedure, culminating in formal arbitration, that is designed to provide a fair, private, exclusive, expeditious, final, and binding means for resolving legal disputes rising out of, or relating to, employment with CarMax, without the need for litigation in federal, state or local courts. These Dispute Resolution Rules and Procedures govern arbitrations held pursuant to the CarMax Dispute Resolution Agreement, whether brought by an Associate or by CarMax. The term "Associate" includes applicants, employees, and former employees. These Dispute Resolution Rules and Procedures are written to guide an Associate through the arbitration process; however, they apply with full force and effect to both Associates and CarMax.

## Rule 2 CLAIMS SUBJECT TO ARBITRATION

Except as otherwise limited herein, any and all employment-related legal disputes, controversies or claims arising out of, or relating to, an Associate's application or candidacy for employment, employment or cessation of employment with CarMax or one of its affiliates shall be settled exclusively by final and binding arbitration before a neutral, third-party Arbitrator selected in accordance with these Dispute Resolution Rules and Procedures. Arbitration shall apply to any and all such disputes, controversies, or claims whether asserted against the Company and/or against any employee, officer, alleged agent, director or affiliate company.

All previously unasserted claims arising under federal, state or local statutory or common law shall be subject to arbitration. Merely by way of example, these claims include, but are not limited to, claims arising under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, the Americans with Disabilities Act (ADA), the Fair Labor Standards Act (FLSA), 42 U.S.C. § 1981, as amended, the Employee Polygraph Protection Act, the Employee Retirement Income Security Act (ERISA), state discrimination statutes, state statutes and/or common law regulating employment termination, the law of contract or the law of tort; including, but not limited to, claims for malicious prosecution, wrongful discharge, wrongful arrest/wrongful imprisonment, and intentional/negligent infliction of emotional distress or defamation.

Claims by Associates for state employment insurance (e.g., unemployment compensation, workers' compensation, worker disability compensation) or under the National Labor Relations Act shall not be subject to arbitration. Statutory or common law claims alleging that CarMax retaliated or discriminated against an Associate, however, shall be subject to arbitration.

## Rule 3 DISMISSAL/STAY OF COURT PROCEEDINGS

By agreeing to the Dispute Resolution Program, an Associate agrees to resolve through arbitration all claims described in or contemplated by Rule 2. If an Associate files a lawsuit in court to resolve claims subject to arbitration, the Associate agrees that the Court shall dismiss the lawsuit and require the Associate to arbitrate the dispute.

If an Associate files a lawsuit in Court involving claims which are, and other claims with are not, subject to arbitration, the Associate agrees that the court shall stay litigation of the nonarbitrable claims and require that arbitration take place with respect to those claims subject to arbitration. The Associate further agrees that the Arbitrator's decision on the arbitrable claims, including any determinations as to disputed factual or legal issues, shall be entitled to full force and effect in any later court lawsuit on any nonarbitrable claims.

2

## Rule 4 COMMENCEMENT OF ARBITRATION

### a. PROCEDURE
An Associate shall commence an arbitration by completing and sending the attached CarMax Arbitration Request to:

> Arbitration Coordinator
> CarMax Auto Superstores, Inc.
> 12800 Tuckahoe Creek Parkway
> Richmond, VA 23238

### b. TIME LIMITS

#### i. FILING OF REQUEST FOR ARBITRATION
The CarMax Arbitration Request Form shall be submitted no later than the applicable statute of limitations for the asserted claims under the applicable law. The failure of an Associate to initiate an arbitration within the applicable statute of limitations shall constitute a **waiver** with respect to that dispute relative to that Associate.

#### ii. CARMAX'S RESPONSE
Within twenty-one (21) calendar days of receipt of an Associate's Arbitration Request Form, the Company shall send the Company's Response to the Associate via first-class mail, postage prepaid, or hand delivery.

### c. NOTICE/OTHER FILINGS
All other communications, notices or filings, including discovery requests and responses, shall be in writing, and shall be deemed to have been given if (i) delivered by hand to a person of suitable age and discretion; or (ii) mailed first-class mail, postage prepaid, as follows:

> If to CarMax:
> > (i) Arbitration Coordinator
> > CarMax Auto Superstores, Inc.
> > 12800 Tuckahoe Creek Parkway
> > Richmond, VA 23238; or
> > (ii) to the Company's attorney as designated in writing by the Company.

> If to the Associate:
> > (i) to the Associate's address of record as it appears on the Arbitration Request Form; or
> > (ii) to the Associate's attorney as designated in the Arbitration Request Form or later designated in writing by the Associate.

## Rule 5 SELECTION OF AN ARBITRATOR
CarMax and the Associate shall participate equally in the selection of an Arbitrator to decide the arbitration. Within twenty-one (21) calendar days after the Company receives the Associate's Arbitration Request Form, National Arbitration and Mediation (NAM) or other Arbitrator and/or Arbitration Service, such as the American Arbitration Association, as agreed to by the Parties shall be asked to provide a panel of seven (7) neutral arbitrators with experience deciding employment disputes. The Company and the Associate then shall have the opportunity to review the background of the arbitrators by examining the materials provided by the Arbitration Service. Within seven (7) calendar days after the panel composition is received, the Associate and the Company each shall inform the Arbitration Service which arbitrators the Parties find unacceptable for

deciding the dispute. The Arbitration Service then will appoint an Arbitrator from among the named individuals the Parties found acceptable. If all arbitrators on the first panel furnished by the Arbitration Service are stricken by the Parties as unacceptable for deciding the dispute, the Arbitration Service is authorized to furnish an additional panel, from which each party may strike up to three (3) arbitrators. The Arbitration Service will then appoint an arbitrator from the remaining names.

### Rule 6  TIME AND PLACE OF ARBITRATION
The arbitration hearing shall be held at the offices of, or a location selected by, the Arbitration Service in the city nearest the location where the Associate was or sought to be employed with the Company, unless the Parties agree otherwise. If the Arbitration Service does not select an arbitration location within fifty (50) miles of the city of the Associate's last employment with the Company, the Associate and the Company shall designate a mutually amenable location at which to hold the arbitration.

The Parties and the Arbitrator shall make every effort to ensure that the arbitration is completed, and an award rendered, as soon as possible. There shall be no extensions of time or delays of an arbitration hearing except in cases where both Parties consent to the extension or delay, or where the Arbitrator finds such a delay or extension necessary to resolve a discovery dispute or other matter relevant to the arbitration.

### Rule 7  REPRESENTATION
Both the Associate and the Company shall have the right to be represented by counsel.

### Rule 8  DISCOVERY
a. INITIAL DISCLOSURE
Within fourteen (14) calendar days following the appointment of an Arbitrator, the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure because they involve attorney-client, doctor-patient or other legally privileged or protected communications or materials) upon which they rely in support of their claims or defenses. Throughout the discovery phase, each Party is under a continuing obligation to supplement its initial disclosure.

Upon request, the Associate shall be entitled to a copy of all documents (except privileged documents as described above) in the Associate's "PERSONNEL RECORDS FILE."

b. OTHER DISCOVERY
i. INTERROGATORIES/DOCUMENT REQUESTS
Each Party may propound up to twenty (20) interrogatories (including subparts) to the opposing Party. Interrogatories are written questions asked by one Party to the other, who must answer under oath. Such interrogatories may include a request for all documents upon which the responding Party relies in support of its answers to the interrogatories. Answers to interrogatories must be served within twenty-one (21) calendar days of receipt of the interrogatories.

ii. DEPOSITIONS
A deposition is a statement under oath that is given by one Party in response to specific questions from the other Party, and usually is recorded or transcribed. Each Party shall be entitled to take the deposition of up to three (3) individuals of the Party's choosing. The Party taking the deposition shall be responsible for all costs associated therewith, such as the cost of a court reporter and the cost of a transcript.

4

### iii. ADDITIONAL DISCOVERY

Upon the request of any Party and a showing of **substantial need**, the Arbitrator may permit additional discovery, but only if the Arbitrator finds that such additional discovery is not overly burdensome, and will not unduly delay conclusion of the arbitration.

### c. DISCOVERY DISPUTES

The Arbitrator shall decide all disputes related to discovery. Such decisions shall be final and binding on the Parties. In ruling on discovery disputes, the Arbitrator shall be guided by the discovery rules contained in the Federal Rules of Civil Procedure.

### d. TIME FOR COMPLETION OF DISCOVERY

All discovery must be completed within the ninety (90) calendar days after the selection of the Arbitrator, except for good cause shown. In order to expedite the arbitration, the Parties may initiate discovery prior to the appointment of the Arbitrator.

## Rule 9  HEARING PROCEDURE

### a. WITNESSES

Witnesses shall testify under oath, and the Arbitrator shall afford each Party a sufficient opportunity to examine its own witnesses and cross-examine witnesses of the other Party.  Either Party may issue subpoenas compelling the attendance of any person necessary for the issuing Party to prove its case.

### i. SUBPOENAS

A subpoena is a command to an individual to appear at a certain place and time in order to provide testimony. A subpoena also may require that the individual bring documents when he or she gives testimony. The Arbitrator shall have the authority to enforce and/or cancel such subpoenas provided that such subpoenas are issued no less than ten (10) calendar days prior to the commencement of an arbitration hearing or deposition. The Party issuing the subpoena shall be responsible for the fees and expenses associated with the issuance and enforcement of the subpoena, and with the attendance of the subpoenaed witness at the arbitration hearing.

### ii. SEQUESTRATION

The Arbitrator shall ensure that all witnesses who will testify at the arbitration are not influenced by the testimony of other witnesses. Accordingly, the Arbitrator may sequester all witnesses who will testify at the arbitration, provided that the Arbitrator shall permit the Associate bringing the arbitration and the Company's designated representative to remain throughout the arbitration, even though they may or may not testify at the hearing.

### b. EVIDENCE

The Parties may offer evidence that is relevant and material to the dispute and shall produce any and all nonprivileged evidence which the Arbitrator deems necessary to render a determination of the dispute. The Arbitrator need not specifically follow the Federal Rules of Evidence, although these rules may be consulted to resolve questions regarding the admissibility of particular matters.

### c. BURDEN OF PROOF

To prevail, an Associate must prove that the Company's conduct with respect to the Associate was a **violation of applicable law**.

Case 3:10-cv-00421-GCM   Document 6-1   Filed 09/07/10   Page 18 of 24

### d. BRIEFING

Each Party shall have the opportunity to submit one pre-hearing brief and one post-hearing brief, which is a written statement of facts and law, in support of its position. Briefs shall be typed and shall be limited in length to twenty (20) double-spaced pages.

Pre-hearing briefs may be submitted no later than ten (10) calendar days prior to a scheduled arbitration hearing. Post-hearing briefs may be submitted no later than twenty (20) calendar days after the Parties receive the transcript of the arbitration from the court reporting service.

### e. TRANSCRIPTION

The Parties may arrange for transcription of the arbitration by a certified reporter. The Parties shall share evenly the costs of the reporter and transcription, subject to the provisions of Rule 13 below.

### f. CONSOLIDATION

#### i. CLAIMS

CarMax and the Associate are required to bring all existing claims subject to arbitration in one arbitration proceeding. Any such claims not brought in one arbitration shall be waived and precluded. The Arbitrator shall have the power to hear as many claims as an Associate and CarMax may have against each other consistent with Rule 2 of these Dispute Resolution Rules and Procedures. The Arbitrator may hear additional claims that were not mentioned in the Arbitration Request Form, provided the Party adding claims notifies the other Party at least thirty (30) calendar days prior to a scheduled arbitration, the additional claims are timely as of the date on which they are added, and the Party is not prejudiced in its defense by such addition.

#### ii. PARTIES

The Arbitrator shall not consolidate claims of different Associates into one proceeding, nor shall the Arbitrator have the power to hear an arbitration as a class action (a class action involves an arbitration or lawsuit where representative members of a large group who claim to share a common interest seek collective relief).

### g. CONFIDENTIALITY

All aspects of an arbitration pursuant to these Dispute Resolution Rules and Procedures, including the hearing and record of the proceeding, shall be confidential and shall not be open to the public, except (i) to the extent both Parties agree otherwise in writing; (ii) as may be appropriate in any subsequent proceeding between the Parties, or (iii) as may otherwise be appropriate in response to a governmental agency or legal process.

All settlement negotiations, mediations, and the results thereof shall be confidential.

## Rule 10 SUBSTANTIVE CHOICE OF LAW

The Arbitrator shall apply the substantive law of the State in which the Associate is, was or sought to be predominantly employed. For claims arising under federal law, the Arbitrator shall follow the substantive law applicable to the United States District Court for the district in which the Associate is or was predominantly employed.

6

## Rule 11 ARBITRATOR AUTHORITY

The Arbitrator shall conduct the arbitration and shall have the authority to render a decision in accordance with these Dispute Resolution Rules and Procedures, and in a manner designed to promote rapid and fair resolution of disputes. To that end, seven (7) days prior to the scheduled arbitration hearing, the Parties shall participate in a telephone conference with the Arbitrator. Where a Party has challenged the legal sufficiency of an asserted claim or defense in a pre-hearing brief, each Party may be heard. A Party making such a challenge should file the pre-hearing brief as early as possible to permit due consideration of the issue. The Arbitrator shall strike any legally deficient claim and/or defense by ruling communicated to the Parties at least five (5) days prior to the scheduled arbitration hearing.

### a. JURISDICTION

The Arbitrator's authority shall be limited to deciding the claims, counterclaims, and defenses submitted for arbitration. Unless the Associate is subject to a contract providing for the employment of the Associate under specified terms or for a given duration, the Associate's employment remains alterable at the discretion of the Company and/or terminable at any time, at the will of either the Associate or the Company, with or without just cause. Accordingly, the Arbitrator shall have no authority to require that CarMax have "just cause" to discipline or to discharge an Associate or to change the terms and conditions of employment of an Associate, unless specifically required by federal, state or local law, or as a remedy for a violation of applicable law by the Company with respect to the Associate.

### b. SANCTIONS

The Arbitrator shall have the power to award sanctions against a Party for the Party's failure to comply with these Dispute Resolution Rules and Procedures or with an order of the Arbitrator. These sanctions may include assessment of costs, prohibitions of evidence, or, if justified by a Party's wanton or willful disregard of these Dispute Resolution Rules and Procedures, an adverse ruling in the arbitration against the Party who has failed to comply.

## Rule 12 AWARD

Within twenty-one (21) calendar days after receipt of any post-hearing briefs, the Arbitrator shall mail to the parties a written award specifying appropriate remedies, if any. In the Arbitrator's discretion, the award may include findings of fact and conclusions of law.

The Parties to an arbitration shall be provided with a copy of the Arbitrator's award. Other Associates who have agreed to arbitration may request copies of the arbitration decisions in a given case. In cases where an arbitration decision is provided to an Associate who was not a Party to the particular arbitration, the Party-Associate's name shall be deleted from the arbitration decision unless the Party-Associate agrees otherwise in writing.

## Rule 13 FEES AND EXPENSES
### a. COSTS OTHER THAN ATTORNEY FEES

#### i. Definitions
Costs of an arbitration include filing or administrative fees charged by the Arbitration Service, hourly fees charged by the Arbitrator, and expenses of renting a room in which the arbitration is held. Incidental costs include such items as photocopying or the costs of producing witnesses or proof.

#### ii. Costs of Arbitration
CarMax shall pay the costs of arbitration, excluding incidental costs.

### b. ATTORNEY FEES
The Arbitrator is authorized to award attorney fees in accordance with applicable law. In the absence of an award, each Party shall be liable for its own attorney fees. Any award shall be reasonable in light of the amount and complexity of work involved in the arbitration, and in accordance with customary billing rates of attorneys in the geographic area in which the arbitration is held.

## Rule 14 REMEDIES AND DAMAGES
If the Arbitrator finds for the Associate, the Arbitrator, in his discretion, may award appropriate relief in accordance with applicable law. If appropriate relief includes reinstatement, such reinstatement will be to the position of employment the Associate held or, if such reinstatement is impractical, to a comparable position at the location of the Associate's last employment. If reinstatement at the place of the Associate's last employment is not practical, reinstatement will be to a comparable position at CarMax in the same general geographic market area.

## Rule 15 SETTLEMENT
The Parties may settle their dispute at any time. Prior to closure of the arbitration hearing, the Parties may settle the case without involvement of the Arbitrator. Once the hearing has closed, settlement may take place only with the approval of the Arbitrator.

At any point prior to the Arbitrator's issuance of an award, the Parties may, by agreement, refer their dispute to mediation before a mediator provided by the Arbitration Service.

## Rule 16 ENFORCEABILITY
The Dispute Resolution Agreement and any award rendered pursuant to it shall be enforceable and subject to the Federal Arbitration Act, 9 U.S.§ 1, et seq., and the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq., regardless of the State in which the arbitration is held or the substantive law applied in the arbitration.

## Rule 17 APPEAL RIGHTS
The award rendered by the Arbitrator shall be final and binding as to both the Associate and the Company. Either party may appeal the Arbitrator's decision to a court in accordance with the appeal procedures of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., or the Uniform Arbitration Act of Virginia, §§8.01-581.01 et seq.

8

## Rule 18 SEVERABILITY/CONFLICT WITH LAW

In the event that any of these Dispute Resolution Rules and Procedures agreed upon by the Parties is held to be in conflict with a mandatory provision of applicable law, the conflicting Rule or Procedure shall be modified automatically to comply with the mandatory provision of applicable law until such point as these Dispute Resolution Rules and Procedures may be modified in accordance with Rule 19 below. In the event of an automatic modification with respect to a particular Rule or Procedure, the remainder of these Rules and Procedures shall not be affected. An automatic modification of one of these Rules or Procedures shall be applicable only in the jurisdiction in which it is in conflict with a mandatory provision of law. In all other jurisdictions, these Dispute Resolution Rules and Procedures shall apply in full force and effect.

## Rule 19 TERMINATION OR MODIFICATION OF DISPUTE RESOLUTION AGREEMENT OR DISPUTE RESOLUTION RULES AND PROCEDURES

CarMax may alter or terminate the Agreement and these Dispute Resolution Rules and Procedures on December 31 of any year upon giving thirty (30) calendar days written notice to Associates, provided that all claims arising before alteration or termination shall be subject to the Agreement and corresponding Dispute Resolution Rules and Procedures in effect at the time the Arbitration Request Form is received by the Company. Notice may be given by posting a written notice by December 1 of each year at all CarMax locations (including locations of affiliated companies). A copy of the text of any modification to the Agreement or Rules and Procedures will be published in the Applicant Packet, which will be available at such locations after December 31 of each year.





# ARBITRATION REQUEST FORM

(Please Print or Type)

Name: _____

Telephone: _____

Address of Record: _____

| Street | City |

| State | ZIP |

Position: _____ Status (full- or part-time): _____

Date of Hire: _____ Date of Incident: _____

Store/Place of Employment: _____

Please state the dispute you wish to have decided by an Arbitrator. Please explain why you believe the Company's actions were unlawful and state the basis for your claim (e.g., discrimination on the basis of sex, race, religion, national origin, etc., retaliation for filing of workers' compensation claims, or other.)

_____

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary.)

Please list the names of any witnesses to the Company's alleged unlawful action.

_____

_____

_____

_____

_____

_____

Please state how you would like your dispute with CarMax resolved.

_____

_____

_____

_____

_____

_____

_____

(Please attach additional sheets if necessary.)

If you will be represented by an attorney, please identify that person below.

_____
Name of Representative

_____

_____
Address

_____
Telephone

I hereby submit the above-described dispute for arbitration. I agree to accept the decision and award of the Arbitrator as final and binding as to all claims relating to my employment relationship with CarMax or its affiliate which have been or could have been raised under my Arbitration Agreement with CarMax. I understand that unless the Arbitrator rules otherwise, I will be responsible for the fees of my own attorney should I retain one and for all of my incidental costs, as set forth in Rule 13 of the CarMax Dispute Resolution Rules and Procedures.

SIGNED:

_____          _____
Associate                                 Date

_____          _____
Associate's Attorney                      Date