IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV421

| | | |
|---|---|---|
| MAGDY M. MAHMOUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CARMAX AUTO SUPERSTORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court upon motion of the Defendant to Dismiss or Alternatively to Stay Pursuant to the Federal Arbitration Act. Defendant seeks to compel arbitration pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Sections 2 - 4 of the Federal Arbitration Act ("FAA").

I. Background:

Plaintiff is a former employee of the Defendant Carmax. At the time he applied for employment with Carmax, Plaintiff received and signed a copy of Carmax's Dispute Resolution Agreement, which states in bold letters at the top of the document:

> If you wish to be considered for employment, you must read and sign the following agreement. You will be considered as an applicant when you have signed the Agreement. Included with this application are the Carmax Dispute Resolution Rules and Procedures. You should familiarize yourself with these rules and the procedures prior to signing the Agreement. If the Rules and Procedures are not included in this booklet, you must request a copy from a Carmax representative prior to signing the Agreement. You will note that if you sign at this time, you do have three (3) days to withdraw your consent. You may, of course, take the package with you and return it signed, if you wish to continue your application process.

The Agreement provides that all employment-related claims, including claims under Title VII of

1

the Civil Rights Act of 1964, as amended, including the amendments of the Civil Rights Act of 1991, as well as corresponding state discrimination law claims are subject to final and binding arbitration. The Dispute Resolution Rules and Procedures apply to and bind both Carmax and the Plaintiff and operate to ensure that the arbitration process is fair and neutral. The Rules provide that Carmax must pay the costs of arbitration.

After Plaintiff signed the Agreement, he was hired by Carmax. If he had not consented to and executed the Agreement, he would not have been considered for employment by Carmax. Plaintiff was later terminated from his employment, and filed a charge of discrimination with the EEOC. After receiving a Right to Sue letter, Plaintiff filed the present lawsuit, alleging claims of harassment, discrimination, and retaliation based on his race, color, national origin and religion in violation of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also alleged wrongful termination in violation of North Carolina public policy.

II. Discussion:

The FAA mandates the enforcement of arbitration agreements where such agreements (1) are part of a contract or transaction involving interstate commerce, and (2) are valid under general principles of contract law. *See* 9 U.S.C. § 2. The provisions of the FAA manifest a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991) (citation omitted). Because of the strong policy favoring arbitration, the burden lies with the party opposing arbitration to demonstrate why arbitration should not be ordered. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 227 (1987). To compel arbitration, the court must conclude that: (1) a dispute exists between the parties; (2) there is a valid, written agreement to arbitrate that encompasses the dispute; (3) a relationship exists between the transaction to interstate commerce; and (4) the Plaintiff's refusal

to arbitrate. *See American Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005).

The Plaintiff does not dispute that he signed the Carmax Dispute Resolution Agreement, but rather argues that the agreement is unenforceable because he did not read the Agreement before signing it and did not understand that he was subjecting any future claims against Carmax to arbitration. However, it is well settled that a party signing a written contract has a duty to inform himself of its contents before executing it. *See Sydnor v. Conseco Fin. Serv. Corp.*, 252 F.3d 302, 306 (4th Cir. 2001). Plaintiff cannot avoid the terms of the arbitration agreement merely by stating that he was unaware of its contents or failed to read it. *See Market Am., Inc. v. Tong*, No. 1:03cv420, 2004 U.S. Dist. LEXIS 13664, at *18-19 (M.D.N.C. July 15, 2004).

Plaintiff also claims in his affidavit that he was hired by Carmax prior to completing the employment application. However, he has produced no documentation to support this contention or otherwise rebut the clear, highlighted language in the Agreement which states "If you wish to be considered for employment, you must read and sign the following agreement. You will be considered as an applicant when you have signed the Agreement." Moreover, the Agreement provides that both Carmax and the Plaintiff agree to be mutually bound by its terms. The mutual promise to arbitrate constitutes sufficient consideration to support an arbitration agreement. *See Johnson v. Circuit City Stores, Inc.*, 148 F.3d 373, 378 (4th Cir. 1998); *Collie v. Wehr Dissolution Corp.*, 345 F.Supp. 2d 555, 558-59 (M.D.N.C. 2004).

Carmax is a nationwide retailer of new and used cars. There can be no dispute that the Plaintiff's employment relationship with the Defendant involved and affected interstate commerce. Moreover, it appears to the court that the arbitration agreement at issue is valid and enforceable under general principles of North Carolina contract law. Although Plaintiff claims

generally that the Agreement is "unfair," he has failed to prove either procedural or substantive unconscionability, as required by North Carolina law. *See Tillman v. Commercial Credit Corp.*, 362 N.C. 93, 102, 655 S.E.2d 362, 369 (2008). Moreover, a court will find a contract to be unconscionable "only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other." *Brenner v. Little Red Sch. House, Ltd.*, 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981). Such is not the case herein. A review of the Agreement and the Dispute Resolution Rules and Procedures reveals that the terms are fair and reasonable, not oppressive or one-sided.

The Plaintiff's clear, written and signed agreement with Carmax to resolve employment-related disputes through binding arbitration fully satisfies the requirements of North Carolina law for enforceable arbitration agreements. Moreover, the Agreement is valid under the requirements for compelling arbitration under the FAA. The Plaintiff has presented no evidence of unconscionability.

The Fourth Circuit has held that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001). Accordingly,

IT IS THEREFORE ORDERED that the Defendant's Motion to Dismiss and to compel arbitration is hereby GRANTED and the court hereby directs the parties to proceed to arbitration; and

IT IS FURTHER ORDERED that the Defendant's alternative Motion to Stay is hereby DENIED.

Signed: January 5, 2011

Graham C. Mullen
United States District Judge